Dear Mr. Bella:
You have requested an opinion of this office as to whether the practice known as the "Executive Release" or "Executive Exchange" program violates the Louisiana Dual Officeholding Law, R.S. 42:61, et seq.
The state has followed a practice for many years in which a state employee in the classified civil service applies for and is granted leave without pay and is then appointed to another position, usually an unclassified appointive office. While the employee is on leave without pay from the classified position, any advantages that may accrue toward that position inure to the benefit of the employee on leave, so that if the employee should return to the classified position, step increases, other emoluments, and pay increases are enjoyed by the returning employee.
This practice has been sanctioned by the Civil Service Commission and the Department of Civil Service, and has been applauded as providing a means of allowing expert career employees in the classified civil service the opportunity to enter a higher position, but also providing security for the individual should a change in administration under a new governor terminate the employee from the unclassified position.
The legal problem that is encountered is presented by the Dual Officeholding Law. (R.S. 42:61 et seq.) Article X, Section 22 of the 1974 Constitution directed the Legislature to, ". . . . . enact laws defining and regulating dual employment and defining, regulating and prohibiting dual officeholding in state and local government." In 1979, the Legislature adopted Act 700 which became R.S. 42:61 through 66.
The policy statement of the Legislature is contained in Section 61, and the stated purpose of that body in enacting a dual officeholding law is to insure a "high level of confidence in government". The Legislature indicated that such confidence is impaired when a person holds two or more state positions which are in conflict, and when the dual or multiple positions result in excessive accumulation of governmental power.
The provisions of R.S. 42:63E provide the specific prohibitions which are relevant to the instant issue:
No person holding a full-time appointive office or full-time employment in the government of this state . . . . . shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, . . . . . (Emphasis supplied)
It must be determined if the person who is on leave without pay from a position is holding that position. If a person is holding a full-time appointive office or full-time employment, and simultaneously holds and other full-time position, which may be either an appointive office or an employment, the dual officeholding prohibition is violated.
The definition of "employment" in R.S. 42:62(3) indicates that the person on leave without pay is not holding an "employment" within the context of dual officeholding prohibitions because the person is not being compensated for that position. That definition is as follows:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. (Emphasis supplied)
It is clear that the classified employee, although on leave without pay, is occupying that position because Civil Service Rules would explicitly prohibit that person from participating in political activities. Prior opinions of this office have reached the conclusion that a classified civil service employee on leave without pay is occupying a position. In Opinion Number 79-248, we stated:
A classified employee who is granted a leave without pay and abides by the conditions of the leave does not lose his employment status and is entitled to his position at the expiration of the leave. Therefore, he is in effect, still a classified employee of the city while he is on leave without pay and is bound by the applicable civil service rules just as any other classified city employee.
In Opinion Number 80-1173, we concluded that a classified civil service police officer, who was preparing for retirement and had terminated all active service from his position, but would be retained on the payroll for the purposes of his being paid his accrued leave was still an employee of the police department, would be in violation of the dual officeholding law by accepting full-time employment with the sheriff's office. The distinction in that opinion is that the police officer was being compensated.
There are approximately twenty unclassified positions that are directly being occupied under the executive release program; however, there are said to be thousands of "detailed" appointments, i.e. temporary appointments of employees from lower civil service grades to higher grades as a result of the "domino effect" brought about by the executive release or exchange program, by regular leaves without pay, maternity leaves, vacancies, and by extended sick leaves.
Regarding your specific question, as we interpret Section 63E, we believe that a person, who is on leave without pay from a classified civil service position, although he may technically hold or occupy that position for other purposes, is not holding an "employment" as defined for the purposes of the dual officeholding prohibitions by Section 62(3) which is quoted above. We reach this result because a person, who is on leave without pay, is not holding a job for which he is being compensated, and the definition of "employment" for dual officeholding purposes requires that the job be compensated on a salary or per diem basis in order to be considered as one of the positions held in connection with dual officeholding.
Furthermore, where the person is on leave without pay from a classified civil service position and is appointed to another employment or appointive office, such is not against the policy of the dual officeholding law because:
(a) there is no apparent conflict where a person is on leave from one position and is therefore on inactive status while occupying the other position; and
(b) there can be no excessive accumulation of power by a person who is on leave from a position.
Therefore, we conclude that where a person on leave from a classified civil service employment is appointed to an unclassified position under the executive release or executive exchange programs, such does not result in a violation of the Dual Officeholding Law of Louisiana.
Very truly yours,
William J. Guste, Jr. Attorney General
Attachment
Office of the Attorney General
State of Louisiana
Opinion No. 94-8
February 2, 1994
9 CIVIL SERVICE COMMISSION 15-A CONSTITUTIONAL LAW 62-B LEGISLATURE — Acts Bills 78 OFFICERS — Dual Officeholding R.S. 42:63(A); R.S. 42:62(B)
A classified employee on leave without pay who accepts a temporary federal position coinciding with the period of leave is not in violation of the state dual officeholding and dual employment law.
Mr. David Soilean Assistant Secretary Office of Coastal Restoration Management P.O. Box 44487 Baton Rouge, LA 70804-4487